## REIS & CO. v. McCONNEL ET AL.

1. **Contract for Sale of Goods:** CONSTRUCTION OF. This case involved the construction of a written memorandum (see opinion) of the sale of goods as samples "for spring orders;" and, upon consideration, it was *held* to be at most but a continuing offer upon the part of the vendor, to furnish other like goods at same prices, binding upon him only so far as acted upon by the vendee, and which the vendor had the right to withdraw at any time; and that the vendor was not liable to the vendee for refusing to fill further orders, after giving notice of such withdrawal.

*Appeal from Des Moines District Court.*

THURSDAY, MARCH 22.

THE plaintiffs commenced this action to recover of the defendants the sum of $321.70, for certain horse collars sold and delivered to defendants. The defendants admitted the receipt of the goods and their value, and, by way of counter-claim, set up an alleged contract made with plaintiffs for the purchase of a large number of collars in addition to those delivered, and the failure of the plaintiffs to make delivery thereof and they claimed damages in the sum of $3,000, which they alleged they sustained by reason of the breach of the contract by the plaintiffs. There was a trial to the court without a jury which resulted in a judgment for the plaintiffs, and the defendants appeal.

*Hedge & Blythe* and *Smyth & Son*, for appellants.

*Hall & Huston*, for appellees.

ROTHROCK, J.—The plaintiffs are manufacturers and dealers in horse collars and saddlery, at Louisville, Ky., and defendants are wholesale dealers in the same kind of goods, at Burlington in this State. In September, 1879, one Sinton, a traveling salesman and agent of the plaintiffs, called upon the defendants, and sold them some collars. At the time of the

Reis & Co. v. McConnell.

contract the following writing was entered upon the books of the defendants:

<div style="margin-left:1em">Good for Spring Orders. (Samples only.)</div>

"Sept. 22d. S. Reis & Co., Louisville,    3 per cent cash.

**WOOL FACE.**

| | | | | |
|---|---|---|---|---|
| "5 No. 2 H. P. Imp. Scotch. | $\frac{1}{17}\frac{2}{18}\frac{1}{19}\frac{1}{20}$ | | | 14.50 |
| "½    "    "    " | 21 | | | 14.50 |
| "5 No. 1      " | " | | | 16.50 |
| "½      " | " | 21 | | 16.50 |

(Signed.)

HARRY SINTON, *Agent*."

The goods named in this instrument were delivered, and, in pursuance of a further order, other goods of the same kind were delivered at the same price. For the goods so delivered this action was brought. The value of collars materially advanced, and the defendants made orders and demands for some 500 dozen, claiming their right to do so under the terms of the instrument above set out. There is much dispute in the evidence, as to whether or not the words "good for spring orders, samples only," were written by the agent, Sinton, or by any person, before he signed his name to the written instrument. In the view of the case taken by the learned district judge, who tried the case, this was immaterial.

In the findings of fact and conclusions of law made by the District Court, it was held that, even if Sinton did make the writing as claimed by defendants, it was but a continuing offer binding upon the plaintiffs so far as acted upon by the defendants, and that plaintiffs had the right to withdraw the proposition or offer at any time, and were not liable in damages for failure to fill orders after giving notice of such withdrawal.

It is contended by counsel for appellants that the whole transaction was an entire contract, and that, because of the actual purchase made by this writing, they had the absolute right to demand the delivery of some 500 dozen of collars at the same rate, although the orders therefor were made after the proposition was withdrawn by the plaintiffs. It appears to us to be exceedingly doubtful whether the instrument

above set out is a contract for the sale of any collars. It does not, upon its face, bind Reis & Co. to deliver collars to the defendants or to any other person. But conceding it to be a contract, what does it import? It is, at most, but a sale of eleven dozen collars at certain fixed prices.

Counsel for defendants contend that it imports more than this; that the words "good for spring orders" mean that the plaintiffs were bound to sell collars to the defendants for the spring trade at the same rate. It is virtually conceded that there is no mutuality in the contract, and that defendants were not bound thereby to order their stock for spring trade of the plaintiffs, but it is claimed that the contract for eleven dozen of sample collars was a consideration for the promise to fill orders at the same price for the spring trade. In other words, it is contended that, in consideration that the defendants would purchase the sample lot of collars, the plaintiffs agreed to fill orders for the spring trade at the same rate.

But we do not think this construction of the transaction between the parties is supported by the evidence. The purchase of the sample lot was made at certain prices. The price agreed to be paid was the consideration for that purchase, and the collars were of the full value agreed to be paid therefor, as admitted by the defendants in their answer. In reaching the conclusion that the words "good for spring orders, samples only," were but a continuing offer which the plaintiffs had the right to withdraw, the court must have found that the purchase of the sample lot formed no consideration for the offer, and such a finding was, we think, warranted from the evidence. The propositions, if the language of the instrument could properly be so called, may well have been found, under the evidence, not to have been entire, but divisible and independent. In this view of the case, it was the undoubted right of the plaintiffs to withdraw the offer at any time.

<div align="right">AFFIRMED.</div>